UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM C. BLOSSER and MARCIA J. BLOSSER,<br><br>                Plaintiffs,<br><br>   v.<br><br>ASHCROFT, INC., et al.,<br><br>                Defendants. | CASE NO. C17-5243 BHS<br><br>ORDER DENYING PLAINTIFFS' MOTIONS TO COMPEL |

This matter comes before the Court on Plaintiff William and Marcia Blosser's ("Blossers") motion to compel Weir Valve & Controls USA, Inc. ("Weir") to respond fully to discovery (Dkt. 126), motion to compel William Powell Company ("William Powell") to respond fully to discovery (Dkt. 130), and motion to compel Flowserve US, Inc. ("Flowserve") to respond fully to discovery (Dkt. 132). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

## I.     PROCEDURAL HISTORY

On March 31, 2017, the Blossers filed a complaint against numerous defendants, including Weir, William Powell, and Flowserve, alleging liability resulting from exposure to asbestos.  Dkt. 1.

On July 26, 2017, the Blossers filed a motion to compel Weir to comply with discovery requests.  Dkt. 126.  On August 7, 2017, Weir responded.  Dkt. 140.  On August 10, 2017, the Blossers replied.  Dkt. 159.

On July 31, 2017, the Blossers filed motions to compel William Powell and Flowserve to comply with discovery requests. Dkts. 130, 132. On August 14, 2017, William Powell and Flowserve responded. Dkts. 165, 168. On August 18, 2017, the Blossers replied. Dkts. 170, 172.

## II.     DISCUSSION

### A.     Standard

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1).

A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

### B.     Weir

In this motion, it is unclear whether the parties conferred or attempted to confer to resolve this dispute without Court action. While the Blossers' attorney certifies that he called and emailed Weir's attorney, he declares that he threatened a motion to compel regardless of Weir's attempt to comply with the discovery requests. Dkt. 127, ¶ 3 ("we would be filing a motion to compel regardless because our document requests were broader than the limitation Weir had unilaterally imposed."). Similarly, Weir has submitted an email exchange including the exact same threat to file a motion to compel

1  without any indication of a good faith attempt to resolve this dispute.  Dkt. 141 at 164.

2  This failure alone is sufficient to deny the motion to compel.  The Court, however, will

3  briefly address the merits of the apparent dispute.

4       The parties' failure to confer and establish a concrete dispute is evident from the

5  briefing.  Although Weir correctly contends that the Blossers' motion "raises grievances

6  with a myriad of issues not previously discussed between counsel," Dkt. 140 at 5, the

7  parties appear to be at an impasse regarding Weir's search of its electronic database.

8  The Court agrees with the Blossers that the information it seeks seems relevant and

9  readily identifiable.  For example, the Blossers seek information on "any and all Atwood-

10 Morrill valves on the Kitty Hawk and the Peleliu at any time, as well as any of its valves

11 and replacement parts sent to PSNS in 1976 and 1977 when Mr. Blosser was working

12 there."  Dkt. 126 at 8.

13      In response, Weir contends that its database is not searchable by ship name or hull

14 number and that doing a manual review would be "incomprehensible."  Dkt. 142, ¶¶ 5, 8.

15 Weir's response seems rather illusive in that it asserts there is only one possible way to

16 electronically search its database.  While the database may be *organized* by valve

17 number, this doesn't sufficiently explain why the database may only be searched by the

18 specific valve number.  For example, the Blossers argue that "Weir offers no legitimate

19 reason why it cannot use [optical character recognition] on its electronic database."  Dkt.

20 159 at 2.  The Court agrees. Otherwise, parties would be encouraged to maintain

21 inaccessible databases to limit their discovery obligations.  To the extent that Weir's

22 database may be subject to alternative search parameters, the parties shall meet and

confer on this issue.  Weir may need to consult a third party vendor if necessary because, without additional support, requiring the Blossers to submit specific part numbers seems unacceptable.  Therefore, the Court **DENIES without prejudice** the Blossers' motion to compel and orders the parties to meet and confer on the issue of searching Weir's database.

**C.      William Powell**

In this motion, the Blossers move the Court for an order (1) striking the boilerplate objections, (2) compelling William Powell to fully produce relevant documents, and (3) produce a 30(b)(6) deponent.  Dkt. 130 at 2.  The parties have resolved the 30(b)(6) issue, and the Court will deny this portion of the motion as moot.  Regarding the request to compel full production, William Powell asserts that "it has no documents responsive to [the Blossers'] requests."  Dkt. 165 at 1.  Undeterred, the Blossers submit deposition testimony from 2009 and assert that William Powell must have relevant documents because its website "makes clear that it has an available database from which to mine information."  Dkt. 172 at 3.  The Court cannot compel a party to produce that which its attorney certifies it does not have in its possession.  Stale testimony and speculation based on website advertisements do not overcome an attorney's certification to the Court.  Therefore, the Court denies the Blossers' motion to compel William Powell.

**D.      Flowserve**

In this motion, the Blossers have failed to show that a dispute exists that requires Court intervention.  For example, the Blossers move the Court to compel Flowserve to provide a date for a 30(b)(6) deposition.  Dkt. 132 at 11.  Yet, the Blossers' attorney

declares that "several dates have been proposed by both sides, but no agreement has been reached yet." Dkt. 133, Declaration of Glenn Draper ¶ 3. Thus, dates have already been provided by Flowserve. Moreover, Flowserve contends that it informed the Blossers that it will "make responsive documents available at a mutually agreeable time and location" and that the "invitation remains outstanding." Dkt. 168 at 4. In light of these contentions, the Blossers have failed to show at this time a need for Court action, and the Court denies without prejudice their motion to compel Flowserve.

## III.    ORDER

Therefore, it is hereby **ORDERED** that the Blossers' motions to compel Weir to respond fully to discovery (Dkt. 126) and Flowserve to respond fully to discovery (Dkt. 130) are **DENIED without prejudice** and the Blossers' motion to compel William Powell (Dkt. 132) is **DENIED**.

Dated this 19th day of September, 2017.

BENJAMIN H. SETTLE
United States District Judge